Citibank, N.A. v Cabello

2026 NY Slip Op 02818

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Citibank, N.A., etc., respondent,

v

Antonette Cabello, etc., et al., appellants, et al. defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-00017, 2024-00019, 2024-00053, (Index No. 604411/19)

Betsy Barros, J.P.

Linda Christopher

Lillian Wan

Janice A. Taylor, JJ.

John J. Caracciolo, Huntington, NY, for appellants.

Roach & Lin, P.C., Syosset, NY (Edward Rugino of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to foreclose a consolidated mortgage or, in the alternative, to foreclose an equitable lien, the defendants Antonette Cabello and Rodolfo A. Cabello appeal from three orders of the Supreme Court, Nassau County (David P. Sullivan, J.), all dated December 12, 2023. The first order, insofar as appealed from, granted the plaintiff's motion for leave to renew those branches of its prior motion which were for summary judgment on its alternative cause of action to foreclose an equitable lien and declaring that the plaintiff has an equitable lien against the subject property, to strike the amended answer and counterclaim of the defendants Antonette Cabello and Rodolfo A. Cabello, and for an order of reference, which had been denied in an order of the same court dated October 12, 2022, and its opposition to the cross-motion of the defendants Antonette Cabello and Rodolfo A. Cabello for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in the order dated October 12, 2022, and, upon renewal, in effect, vacated so much of the order dated October 12, 2022, as denied those branches of the plaintiff's prior motion which were for summary judgment on its alternative cause of action to foreclose an equitable lien and declaring that the plaintiff has an equitable lien against the subject property, to strike the amended answer and counterclaim of the defendants Antonette Cabello and Rodolfo A. Cabello, and for an order of reference and granted those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them, and thereupon, granted those branches of the plaintiff's prior motion and denied those defendants' cross-motion. The second order, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendants Antonette Cabello and Rodolfo A. Cabello, and restored the matter to the active calendar. The third order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on its alternative cause of action to foreclose an equitable lien and declaring that the plaintiff has an equitable lien against the subject property, to strike the amended answer and counterclaim of the defendants Antonette Cabello and Rodolfo A. Cabello, and for an order of reference, directed that those defendants' amended answer and counterclaim be stricken and the entry of a judgment declaring that the plaintiff has an equitable lien against the subject property, and referred the matter to a referee to compute the amount due to the plaintiff.

ORDERED that the orders dated December 12, 2023, are reversed insofar as appealed from, on the law, with one bill of costs, the plaintiff's motion for leave to renew those branches of [*2]its prior motion which were for summary judgment on its alternative cause of action to foreclose an equitable lien and declaring that the plaintiff has an equitable lien against the subject property, to strike the amended answer and counterclaim of the defendants Antonette Cabello and Rodolfo A. Cabello, and for an order of reference and its opposition to the cross-motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them is denied, and so much of the order dated October 12, 2022, as denied those branches of the prior motion and granted the cross-motion is reinstated.

In December 2001, the defendants Antonette Cabello and Rodolfo A. Cabello (hereinafter together the defendants) executed a note in favor of the plaintiff's predecessor in interest, which was secured by a mortgage on certain real property in Long Beach. Thereafter, between 2002 and 2005, the defendants borrowed additional sums, secured by additional mortgages, which were consolidated with the original mortgage pursuant to a series of Consolidation, Extension, and Modification Agreements, forming a single lien against the property.

In March 2019, the plaintiff, as assignee of the loan, commenced this action against the defendants, among others. The complaint's first cause of action sought to expunge an allegedly erroneous satisfaction of the consolidated mortgage dated February 13, 2008, and the second cause of action sought to foreclose the consolidated mortgage. The third cause of action sought, in the alternative, to foreclose an equitable lien against the property. The defendants interposed an answer and asserted various affirmative defenses and a counterclaim. After the matter was released from the mandatory foreclosure settlement conference part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. By order dated January 30, 2020, the Supreme Court, inter alia, denied those branches of the plaintiff's motion, granted those branches of the defendants' cross-motion which were for summary judgment dismissing the plaintiff's first and second causes of action insofar as asserted against them, and denied, as premature, that branch of the defendants' cross-motion which was for summary judgment dismissing its alternative cause of action to foreclose an equitable lien insofar as asserted against them.

In October 2020, after the defendants interposed an amended answer, the plaintiff moved, among other things, for summary judgment on its alternative cause of action to foreclose an equitable lien and declaring that the plaintiff has an equitable lien against the property, to strike the defendants' amended answer and counterclaim, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them, inter alia, on the ground that the plaintiff's 90-day notices were defective because they included additional language or material in violation of RPAPL 1304(2) and this Court's decision in Bank of Am., N.A. v Kessler (202 AD3d 10, revd 39 NY3d 317). By order dated October 12, 2022, the Supreme Court, upon its determination that the 90-day notices were defective under Kessler, denied those branches of the plaintiff's motion and granted the defendants' cross-motion. The plaintiff did not appeal from the order dated October 12, 2022.

In February 2023, the Court of Appeals issued an opinion in Bank of Am., N.A. v Kessler (39 NY3d 317), determining that a lender's inclusion of concise and relevant additional information does not void an otherwise proper preforeclosure 90-day notice. In June 2023, the plaintiff moved, among other things, for leave to renew those branches of its prior motion which were for summary judgment on its alternative cause of action to foreclose an equitable lien and declaring that the plaintiff has an equitable lien against the property, to strike the defendants' amended answer and counterclaim, and for an order of reference and its opposition to the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them based upon a change in the law. The defendants opposed the motion.

In an order dated December 12, 2023, the Supreme Court, inter alia, granted leave to renew and, upon renewal, in effect, vacated so much of the order dated October 12, 2022, as denied those branches of the plaintiff's prior motion which were for summary judgment on its alternative cause of action to foreclose an equitable lien and declaring that the plaintiff has an equitable lien [*3]against the property, to strike the defendants' amended answer and counterclaim, and for an order of reference and granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them, and thereupon, granted those branches of the plaintiff's prior motion and denied the defendants' cross-motion. In a second order also dated December 12, 2023, the court, among other things, granted the same relief to the plaintiff, denied the same relief to the defendants, and restored the matter to the active calendar. In a third order also dated December 12, 2023, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on its alternative cause of action to foreclose an equitable lien and declaring that the plaintiff has an equitable lien against the property, to strike the defendants' amended answer and counterclaim, and for an order of reference, directed that the defendants' amended answer and counterclaim be stricken and the entry of a judgment declaring that the plaintiff has an equitable lien against the property, and referred the matter to a referee to compute the amount due to the plaintiff. The defendants appeal.

Initially, contrary to the defendants' contention, the plaintiff's motion, which was made prior to the entry of a final judgment in the action, was timely (see U.S. Bank N.A. v Hirschman, 240 AD3d 725, 726; Dinallo v DAL Elec., 60 AD3d 620, 621; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364, 365-366; cf. Opalinski v City of New York, 205 AD3d 917, 919).

However, the plaintiff's alternative cause of action to foreclose an equitable lien was barred by the statute of limitations (see CPLR 213[4]). Since this issue is one of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture, it may be reached for the first time on appeal (see Olim Realty v Lanaj Home Furnishings, 65 AD3d 1318, 1320; Deltoro v Arya, 305 AD2d 628, 628-629).

"A cause of action seeking to establish a lien pursuant to the doctrine of equitable mortgage or the doctrine of equitable subrogation is governed by a six-year statute of limitations" (Deutsche Bank Natl. Trust Co. v Weinfeld, 227 AD3d 662, 663 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Green, 227 AD3d 842, 843). Contrary to the plaintiff's contention, the statute of limitations begins to run on a cause of action to establish an equitable lien pursuant to the doctrine of equitable mortgage "when the subject note and mortgage were made" (Deutsche Bank Natl. Trust Co. v Weinfeld, 227 AD3d at 663; see Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 670) or when the note and mortgage were recorded (see Wells Fargo Bank, N.A. v Green, 227 AD3d at 843). Here, the plaintiff's alternative cause of action would have accrued no later than March 2008 when the allegedly erroneous satisfaction of the consolidated mortgage was recorded and, thus, that cause of action was time-barred when it was asserted in March 2019 (see Wells Fargo Bank, N.A. v Green, 227 AD3d at 843; Deutsche Bank Natl. Trust Co. v Weinfeld, 227 AD3d at 663).

The defendants' remaining contentions need not be reached in light of our determination.

BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court